UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**MEMORANDUM & ORDER**
25-CV-02075 (HG)

**HECTOR GONZALEZ**, United States District Judge:

*Pro se* Plaintiff Javier Nunez seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of the Social Security Administration's (the "SSA" or "Commissioner") decision denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act. *See* ECF No. 1 (Complaint).[1] Defendant moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) based on res judicata, or alternatively, Plaintiff's failure to exhaust his administrative remedies.[2] *See* ECF No. 17. For the reasons stated herein, Defendant's motion is converted to a Rule 56 motion for summary judgment and GRANTED.

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2] The parties' motion papers and exhibits consist of: ECF No. 17 (Defendant's Motion to Dismiss); ECF No. 17-1 (Defendant's Memorandum of Law); ECF No. 17-2 (Declaration of Lesha Cowell; Disability Determination and Transmittal; Disability Determination Explanation; and SSA Notice of Dismissal and Order of Dismissal); ECF No. 17-3 (Rule 7.2 Notice); ECF No. 17-4 (Rule 12.1 Notice); ECF No. 18 (Defendant's Certificate of Service); and ECF No. 19 (Plaintiff's Affidavit in Opposition).

**BACKGROUND**[3]

Plaintiff applied for SSI pursuant to Title XVI of the Social Security Act on March 9, 2018. *See* ECF No. 17-2 at 2 ¶ 3(a). On August 15, 2018, the SSA denied Plaintiff's claim at the initial level upon a determination that he was not disabled. *Id.* at 2–3 ¶ 3(a), 15 (Ex. 2; Disability Determination Explanation). Thereafter, on October 10, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 3 ¶ 3(b), 20 (Ex. 3; SSA Notice of Dismissal and Order of Dismissal). On June 26, 2019, the SSA mailed Plaintiff a Notice of Hearing informing him of the time and place of his scheduled hearing. *Id.* at 20. The Notice of Hearing advised Plaintiff that failure to appear at his hearing without good cause could result in the dismissal of his request for a hearing and requested that he submit the enclosed Acknowledgement of Receipt form. *Id.* Plaintiff, however, failed to return the form. *Id.* On August 28, 2019, the SSA mailed Plaintiff a Notice of Hearing – Important Reminder to remind him of the scheduled hearing and request return of the Acknowledgement of Receipt form for a second time. *Id.* Plaintiff, again, failed to respond. *Id.*

Plaintiff did not appear at his scheduled hearing, and ALJ Joani Sedaca subsequently issued an Order of Dismissal of Plaintiff's request for a hearing on September 17, 2019.[4] *Id.* at 20–21. Enclosed with the Order of Dismissal was a Notice of Dismissal informing Plaintiff that he could file an appeal with the Appeals Council within 60 days of receiving the notice. *Id.* at 17–18. The ALJ advised Plaintiff of the consequences of failing to appeal, explaining, "If you

---

[3] As discussed below, *see infra* Section I, the Court has converted the instant motion to dismiss into a motion for summary judgment and thus relies on uncontroverted evidence from outside of the pleadings.

[4] If a claimant fails to appear at a hearing after being notified of the hearing, and the ALJ does not find good cause for the absence, the ALJ may dismiss the request for a hearing. *See* 20 C.F.R. § 416.1457(b)(1)(i).

do not appeal, the Appeals Council does not review my Order of Dismissal on its own, and I do not set aside my order, and the action upon which you requested a hearing cannot be changed except under special circumstances." *Id.* at 18. Plaintiff did not file an appeal for review of the dismissal. *Id.* at 3 ¶ 3(c).

Prior to failing to attend his scheduled hearing, Plaintiff filed an action in the United States District Court for the Southern District of New York on January 7, 2019, seeking review of the Commissioner's decision under 42 U.S.C. § 405(g). *Nunez v. Saul*, No. 19-cv-170, 2020 WL 3962046, at *1 (S.D.N.Y. July 13, 2020). In that case, the court concluded that Plaintiff had failed to exhaust his administrative remedies, found no basis to excuse his failure to exhaust, and thus granted the Commissioner's motion for summary judgment. *Id.* at *4–6. Plaintiff appealed, and the Second Circuit affirmed the dismissal. *Nunez v. Comm'r of Soc. Sec.*, 848 F. App'x 35, 36 (2d Cir. 2021). The United States Supreme Court denied Plaintiff's petition for a writ of certiorari. *Nunez v. Kijakazi*, 142 S. Ct. 271 (2021).

Plaintiff then challenged the same decision by the Commissioner, filing a second action in the Southern District of New York, which was transferred to the Middle District of Pennsylvania for improper venue as Plaintiff resided in Luzerne County, which is located in the Middle District of Pennsylvania. *Nunez v. Comm'r of Soc. Sec.*, No. 24-cv-00392, 2024 WL 4372305, at *1 (M.D. Pa. Oct. 2, 2024); *see also*, No. 24-cv-00392 (M.D. Pa. Feb. 26, 2024) (Transfer Order). In that case, the court granted the Commissioner summary judgment and dismissed Plaintiff's complaint without prejudice for failure to exhaust his administrative remedies. *Nunez*, 2024 WL 4372305, at *5.

On April 1, 2025, Plaintiff filed the instant lawsuit for the third time in the Southern District of New York, seeking review of the Commissioner's decision under 42 U.S.C. § 405(g).

*See* ECF No. 1. The action was subsequently transferred to this Court, where venue is proper based on Plaintiff's residence in this district. *See* ECF Nos. 3, 4.

## LEGAL STANDARD

"If, on a motion [to dismiss] under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Before a court converts a motion to dismiss into a motion for summary judgment, a plaintiff is "entitled to (i) an opportunity to take relevant discovery and to submit any evidence relevant to the issues raised by the motion, and (ii) absent a clear indication that he already possessed such understanding, an explanation of the consequence of a grant of summary judgment, as well as of what he could do to defeat the motion." *Hernandez v. Coffey*, 582 F.3d 303, 309 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). In the case of a *pro se* party, notice is of particular significance because the litigant "may be unaware of the consequences of his failure to offer evidence bearing on triable issues." *Id.* at 307. Accordingly, the movant or the court must provide unequivocal notice to *pro se* parties of the meaning and consequences of converting a motion to dismiss to a motion for summary judgment. *Id.* at 308; *McPherson v. Coombe*, 174 F.3d 276, 281 (2d Cir. 1999).

Summary judgment should be granted where "the pleadings, . . . and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see* Fed. R. Civ. P. 56(a). In determining whether there is a genuine dispute, the court must view the record in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). *Pro se* litigants are afforded

"special solicitude" and their submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006).

## DISCUSSION

### I. Defendant's Motion to Dismiss Is Converted to a Motion for Summary Judgment

The Court finds it appropriate to convert Defendant's Rule 12(b)(6) motion to a motion for summary judgment. A district court must convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court" provided that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, "Defendants expressly referenced and submitted materials outside of the pleadings that readily dispose of [Plaintiff's] claims without the need for discovery." *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 348 (S.D.N.Y. July 21, 2020), *aff'd*, No. 20-3344, 2022 WL 274507 (2d Cir. 2022). Further, Plaintiff had reasonable opportunity to submit evidence and, indeed, filed an opposition to Defendant's motion. *See* ECF No. 19.

Typically, "a district court must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment." *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008). But "a District Court need not advise a *pro se* litigant as to the nature of summary judgment where an opposing party has already provided the litigant with the requisite notice." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999). Notably, "defendants' filing of their moving papers together with notice to a *pro se* litigant pursuant to Local Civil Rule 12.1 has regularly been considered sufficient notice for purposes of

Rule 12(d)." *Cantey v. Mount Vernon City Sch. Dist.*, No. 16-cv-2669, 2018 WL 3315574, at *4 (S.D.N.Y. July 5, 2018). Local Civil Rule 12.1 provides:

> A represented party moving to dismiss or for judgment on the pleadings against a party proceeding *pro se*, who refers in support of the motion to matters outside the pleadings as described in [Rule] 12(b), . . . shall serve and file the [] notice at the time the motion is served.

Local Civil Rule 12.1. Defendants provided Plaintiff with this notice, as directed by and written in Local Civil Rule 12.1, stating in part:

> You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits as required by Rule 56(c) and/or other documents. The full text of Rule 56 . . . is attached.

ECF No. 17-4 at 1 (verbatim copy of Local Civil Rule 12.1 notice); *see Vidal*, 168 F.3d at 621; *Cantey*, 2018 WL 3315574, at *4. Plaintiff was thus advised of the consequences of a grant of summary judgment and the actions needed to defeat the motion through Defendant's Local Rule 12.1 notice, such that he "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment" and not "taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *See Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689 (2d Cir. 1990); ECF No. 17-4 at 1–2.

Therefore, the Court finds it proper to convert Defendant's motion to dismiss into a motion for summary judgment.

**II. Plaintiff Failed to Exhaust his Administrative Remedies**

Based on the evidence put forth by Defendant, the Court finds that Plaintiff failed to exhaust his administrative remedies. The Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of

> such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Accordingly, for SSI claims under Section 405(g) to be subject to judicial review, there is a jurisdictional requirement that such claims first be presented to the agency for a decision, as well as a nonjurisdictional, waivable requirement that administrative remedies be exhausted. *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). The instant action turns on the nonjurisdictional issue of exhaustion.

"[C]laimants must generally proceed through a four-step process before they can obtain review from a federal court." *Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019). Claimants must: (1) seek an initial determination of their eligibility for benefits; (2) seek reconsideration of the determination; (3) request a hearing before an ALJ; and (4) seek review of the ALJ's decision by the Appeals Council. *See* 20 C.F.R. § 416.1400; *Smith*, 587 U.S. at 476. "An SSA determination is deemed final, and the claim exhausted, only after the Appeals Council has denied review of an ALJ's determination or decided the merits of [the] plaintiff['s] claims following an ALJ's decision." *Jordan-Rowell v. Comm'r of Soc. Sec.*, No. 15-cv-8326, 2016 WL 7392221, at *2 (S.D.N.Y. Dec. 20, 2016).

Here, Plaintiff failed to proceed through the four steps of the administrative process before seeking judicial review. Although Plaintiff requested a hearing before an ALJ, he failed to appear at his scheduled hearing and did not appeal the resulting adverse decision to the Appeals Council. *See* ECF No. 17-2 at 3 ¶ 3. No amount of liberally construing the *pro se* submissions can negate the fact that Plaintiff does not dispute that he failed to seek review by the

Appeals Council.[5] Given that Plaintiff did not attend his scheduled ALJ hearing despite multiple notifications of the hearing and did not appeal the subsequent dismissal, there is no genuine dispute that he has failed to exhaust his administrative remedies. *See Mai v. Apfel*, No. 99-cv-6162, 2000 WL 246231, at *1 (2d Cir. Feb. 18, 2000) ("[A]ppellant did fail to exhaust her administrative remedies by not appearing at a scheduled evidentiary hearing before an [ALJ], and by not appealing the adverse decision, a Notice of Dismissal for Failure to Appear, to the Appeals Council."); *Zachery v. Colvin*, No. 14-cv-1645, 2015 WL 5821638, at *5 (E.D.N.Y. Sept. 30, 2015) ("By seeking review of the . . . ALJ decision in this Court instead of appealing the decision to the Appeals Council, Plaintiff failed to exhaust her administrative remedies."). Therefore, this action must be dismissed unless the Court finds that Plaintiff's failure to exhaust should be excused.

**III. Waiver of the Exhaustion Requirement Is Not Warranted**

"The Commissioner declines to waive the exhaustion requirement in this case." ECF No. 17-1 at 12. While the SSA typically has discretion to waive the exhaustion requirement, circumstances rendering deference to the agency's judgment inappropriate may permit a court to waive exhaustion despite SSA objections. *See Bowen v. City of New York*, 476 U.S. 467, 483 (1986). A court may waive exhaustion in cases where the following factors are present: (1) the

[5] Plaintiff's Affidavit in Opposition discusses his contact with mental health professionals and police officers, forcible removal from his home, and fraud and identity theft, but it references the instant matter only by stating, "The purpose of this Affidavit is to Rule 56 Summary judgement [sic] in case 25-cv-2075[.] Did the appeal council has dismissed [sic] a request for review as untimely after the claimant has obtained a hearing from Administrative law Judge. On the merits within the meaning of 42 U.S.C. 405(g) in this case 19-cv-170?" *See* ECF No. 19 at 2. Construing this submission liberally, the Court understands Plaintiff's erroneous reference to his prior action in the Southern District Court of New York as "this case" to reference the instant action. Additionally, although Plaintiff mentions an Appeals Council dismissal, nothing in the record, nor any of Plaintiff's arguments, indicates that Plaintiff requested review from the Appeals Council. *See* ECF No. 17-2 at 3 ¶ 3(c).

claim is collateral to a demand for benefits; (2) exhaustion would be futile; and (3) requiring exhaustion would result in irreparable harm. *State of N.Y. v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990); *Stephens v. Comm'r of Soc. Sec.*, No. 23-cv-8310, 2025 WL 1309725, at *6 (E.D.N.Y. Feb. 7, 2025). Plaintiff does not demonstrate that any of the three bases for excusing exhaustion apply here. *See* ECF No. 19 at 2–3.

First, Plaintiff's claim here is identical, not collateral, to a demand for benefits, as he is seeking a determination that he is entitled to the benefits. *See Nunez*, 2020 WL 3962046, at *5; *Colon v. Comm'r of Soc. Sec.*, No. 19-cv-4319, 2022 WL 1137107, at *5 (E.D.N.Y. Apr. 18, 2022) (collecting cases). Second, there is no indication that exhaustion would not be futile, as "a final agency decision and developed written record would ensure a more complete review in federal court." *Escalera v. Comm'r. of Soc. Sec.*, 457 F. App'x. 4, 6–7 (2d Cir. 2011). The most compelling argument for waiving the exhaustion factor is that Plaintiff would suffer irreparable harm if exhaustion were required. Where "[d]enial of benefits potentially subjected claimants to deteriorating health," in conjunction with the presence of the other factors, the exhaustion requirement has been waived. *See Sullivan*, 906 F.2d at 918. Here, Plaintiff has been forcibly removed from his home and placed in a shelter, potentially subjecting him to deteriorating health.[6] But even if these circumstances were to cause Plaintiff to suffer irreparable harm, that factor alone is insufficient to warrant a waiver of exhaustion. *See Steadman v. Colvin*, No. 14-cv-7495, 2015 WL 4393022, at *7 (S.D.N.Y. July 14, 2015) (declining to waive exhaustion requirement where plaintiff had been homeless for five years and suffered from an array of

---

[6] Plaintiff submitted a letter to the Court regarding his forcible removal from his home. *See* ECF No. 20. In response, the Court issued a text order informing Plaintiff of its lack of jurisdiction over matters beyond Plaintiff's Social Security appeal and referring him to legal resources for separate housing matters. *See* November 20, 2025, Text Order.

maladies for ten years because the other two factors were not met). Plaintiff's failure to exhaust his administrative remedies should therefore not be excused. *Id.*

* * *

Because there is no genuine dispute of material fact regarding Plaintiff's non-attendance at his administrative hearing and subsequent failure to appeal, and because a balancing of the relevant factors does not warrant a waiver of the exhaustion requirement, the Court concludes as a matter of law that Plaintiff failed to exhaust his administrative remedies and that his failure should not be excused. The Court therefore dismisses this case on that basis, as have the courts in Plaintiff's previous cases.[7] *See Nunez*, 2020 WL 3962046, at *5–6 (declining to waive exhaustion and granting the Commissioner summary judgment), *aff'd*, 848 F. App'x 35, 36 (2d Cir. 2021); *Nunez*, 2024 WL 4372305, at *5 (same).

---

[7] Because the Court dismisses this case based on Plaintiff's failure to exhaust his administrative remedies, the Court need not reach Defendant's argument regarding res judicata.

For the avoidance of doubt, even if the Court had declined to consider the parties' extrinsic evidence and decided the motion as a motion to dismiss, the result in this case would be the same. Plaintiff's pleading alone supports the clear inference that he failed to exhaust his administrative remedies, as the boilerplate Complaint form "COMPLAINT FOR JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY" is incomplete, failing to provide a date of final decision and a copy of the Appeals Council Letter establishing that a final decision was reached. *See* ECF No. 1; *Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 64 (2d Cir. 2020).

**CONCLUSION**

For the reasons explained herein, Defendant's motion to dismiss is converted to a motion for summary judgment and GRANTED. The Clerk of Court is respectfully directed to enter judgment consistent with this Order, mail the Order to Plaintiff, note the mailing on the docket, and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 30, 2026